**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF                                          MARTIN LUTHER KING COURTHOUSE
**SUSAN D. WIGENTON**                                          50 WALNUT ST.
UNITED STATES DISTRICT JUDGE                                          NEWARK, NJ 07101
                                          973-645-5903

October 9, 2024

Satheesh Tummala
123 Kelly Drive
Edison, NJ 08820
*Pro Se Plaintiff*

Philip R. Sellinger
United States Attorney
Alex Silagi
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for Defendant Christine Wormuth*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re:    ***Satheesh Tummala v. Christine Wormuth***
       **Civil Action No. 22-7619 (SDW) (JRA)**

Litigants:

Before this Court is Defendant Christine Wormuth's motion to dismiss (D.E. 32) Plaintiff Satheesh Tummala's amended complaint (D.E. 28) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons stated herein, Defendant's motion to dismiss is **GRANTED**, and the amended complaint is **DISMISSED WITH PREJUDICE**.

## BACKGROUND & PROCEDURAL HISTORY

*Pro se* Plaintiff Satheesh Tummala was employed by the U.S. Army Armament Research Development & Engineering Center as an IT Specialist from August 25, 2014 to April 24, 2015. (D.E. 36 at 2–3.) He alleges that he suffered discrimination based on his color, race, national origin, religion, and age, as well as retaliation for reporting the same, culminating in his termination. (D.E. 28 at 1, ¶ 13.) He identifies as Brown, Asian, and Hindu, has a national origin of India, and was forty-four years old when the complained-of events occurred. (*Id.* at 1.)

Plaintiff filed his first complaint in this Court on December 27, 2022. (D.E. 1.) This Court granted Defendant's motion to dismiss that complaint on March 7, 2024. (D.E. 25, 26.) The initial complaint failed to establish a *prima facie* employment discrimination case because it "d[id] not

identify a single instance in which Plaintiff, directly or indirectly, was discriminated against in the workplace because of his race, color, or national origin." (D.E. 25 at 5.)  It similarly did not allege "a single instance in which Plaintiff was discriminated against because of his age." (*Id.* at 7.) Plaintiff was granted leave to amend the complaint to address those deficiencies. (*Id.* at 8.) Plaintiff amended the complaint (D.E. 28) and filed a motion for default judgment and sanctions (D.E. 27), which was denied (D.E. 37, 38).  Defendant now moves to dismiss the amended complaint. (D.E. 32.)

The amended complaint largely re-states the initial complaint (*see* D.E. 1 ¶¶ 11–39; D.E. 25 at 1–3).  As before, Plaintiff alleges that he was assigned a disproportionately heavy workload (D.E. 1 ¶ 18.b; D.E. 28 ¶¶ 2, 11) and denied time to study for a work-related exam (D.E. 1 ¶ 18.o; D.E. 28 ¶ 12).  He claims that Supervisory Engineers Milagros Young and Robert Trifiletti asked him to sign documents containing false information regarding his work performance. (D.E. 1 ¶ 18.j–k; D.E. 28 ¶¶ 8, 9.)  Both complaints also state that Plaintiff's supervisor, Technical Operations Lead Brian Coombs, diminished Plaintiff's work experience when introducing Plaintiff to team members. (D.E. 1 ¶ 18.d; D.E. 28 ¶ 4.)

Both complaints also contain various allegations regarding SAP Basis Architect Support Ban Chou.  Mr. Chou allegedly changed Plaintiff's password to a work platform without Plaintiff's knowledge (D.E. 1 ¶ 18.c; D.E. 28 ¶ 3), miscommunicated Plaintiff's assignments to supervisors to make it appear that Plaintiff was not completing his work (D.E. 1 ¶ 18.e–f D.E. 28 ¶ 5), provided Plaintiff with improper resources necessary to complete his work (D.E. 1 ¶ 18.h; D.E. 28 ¶ 6), yelled and cursed at Plaintiff in front of team members (D.E. 1 ¶ 18.i, p; D.E. 28 ¶ 7), and asked Plaintiff to leave a meeting in front of team members (D.E. 1 ¶ 18.m; D.E. 28 ¶ 10).

Plaintiff also recounts, in both complaints, that on September 10, 2014, he complained to Ms. Young that Mr. Coombs and Mr. Chou were harassing and discriminating against him. (D.E. 1 ¶ 17; D.E. 28 at 5.)  Plaintiff states that he was "adversely treated" and terminated in retaliation for making that report. (D.E. 28 at 5.)  Plaintiff learned on April 23, 2015 that he was terminated, effective the following day, "for refusing to complete an assigned task, for questioning why [he] had been given specific tasks, and for not being a cooperative team player." (*Id.* ¶ 13.)

New to the amended complaint are statements that Mr. Coombs made regarding Plaintiff's age.  Mr. Coombs allegedly told Plaintiff "you are experienced," "you are senior," "you are old enough," and "you have 18+ years of experience" while assigning or checking on the status of work. (D.E. 28 ¶ 1.)

The amended complaint also alleges that Michael DoLerenzo, who had the same title, seniority, and duties as Plaintiff, did not suffer any of the adverse treatment complained of by Plaintiff. (*Id.*)  Plaintiff "believes [Mr. DoLerenzo] might be in his late 20s or early 30s" and describes Mr. DoLerenzo as Caucasian and American. (*Id.* ¶¶ 1–2.)  Mr. Coombs allegedly described Mr. DoLerenzo as a "more junior person" than Plaintiff. (*Id.* ¶ 1.)  Finally, the amended complaint clarifies that Plaintiff's retaliation claim "lack[s] exhaustion of administrative remedies" because Plaintiff did not file an "MSPB appeal and claim whistleblower retaliation … within 30 days of termination." (D.E. 28 at 5.)

**STANDARD OF REVIEW**

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss. *Id.* "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

While reviewing a complaint, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." *Bistrian v. Levi*, 696 F.3d 352, 358 n.1 (3d Cir. 2012), *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311, 219 n.7 (3d Cir. 2020). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 169–70 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

**DISCUSSION**

a. **Discrimination**

Plaintiff alleges that he was discriminated against based on many protected characteristics: his color, race, national origin, religion, and age. While age discrimination is governed by a different statute from discrimination based on the rest of those characteristics,[1] they are all analyzed under the same framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04 (1973); *Fowler v. AT & T, Inc.*, 19 F.4th 292, 298–99 (3d Cir. 2021) (applying *McDonnell Douglas* framework to ADEA claim).

Under that framework, Plaintiff bears the initial burden of establishing a *prima facie* case of employment discrimination. To meet that burden, Plaintiff must show that he: (1) is a member of a protected class; (2) was qualified for his position; (3) was subject to an adverse employment action; and (4) was discharged under circumstances that raise an inference of discrimination. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003); *Fowler*, 19 F.4th at 299.

---

[1] Title VII of the Civil Rights Act of 1964 ("Title VII") prohibits employers from discriminating based on "race, color, religion, … or national origin." 42 U.S.C. § 2000e *et seq.* The Age Discrimination in Employment Act ("ADEA") prohibits employers from discriminating based on age. 29 U.S.C. § 621 *et seq.*

The amended complaint fails to establish a *prima facie* case for the same reason the initial complaint did. It contains no factual support for even an inference that Plaintiff's termination resulted from his being Asian, Brown, Hindu, Indian, or forty-four years old. (*See* D.E. 25 at 5, 7.) Plaintiff recounts disputes with colleagues, but none suggest that he was terminated because of his protected characteristics. Of the various controversies alleged—when others changed his password, assigned him work, denied his request to study for an exam, inaccurately described his experience, yelled at him, directed him to leave a meeting, had him sign documents relating to his performance, and terminated his employment—not one has a connection to any of Plaintiff's protected characteristics.

Mr. Coombs's alleged comments on Plaintiff's age also do not raise an inference of discrimination. They are devoid of context other than that they were "sarcastic[]" and "regarding taking Plaintiff age [sic] while asking for status of assigned work or while assigning the work." (D.E. 28 ¶ 1.) They do not come close to suggesting that age was a motivating factor in Plaintiff's termination. Even if they were discriminatory, "[s]tray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight." *Reed v. V.I. Water & Power Auth.*, 779 F. App'x 880, 885 (3d Cir. 2019) (quoting *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 545 (3d Cir. 1992)). "[S]tanding alone," such remarks are "inadequate to support an inference of discrimination." *Burrows v. Twp. of Logan*, 415 F. App'x 379, 383 (3d Cir. 2011) (quoting *Walden v. Georgia-Pac. Corp.*, 126 F.3d 506, 521 (3d Cir. 1997)). Plaintiff does not rebut Defendant's assertion that Coombs was not a decisionmaker with respect to Plaintiff's termination. (D.E. 32-2 at 12–13.) Accordingly, Coombs's comments do not raise an inference of discrimination.

Nor can discrimination be inferred from Plaintiff's allegations regarding Mr. DoLerenzo. Favorable treatment of similarly situated non-members of a plaintiff's protected classes can support an inference of discrimination, but the "'comparator employees' must be similarly situated in all relevant respects." *Wilcher v. Postmaster Gen.*, 441 F. App'x 879, 881–82 (3d Cir. 2011). Those respects include "job responsibilities, the supervisors and decision-makers, and *the nature of the misconduct engaged in.*" *Id.* (emphasis added). Assessing whether a comparator was similarly situated and treated favorably requires "focus[ing] on the particular criteria or qualifications identified by the employer as the reason for the adverse action." *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 647 (3d Cir. 1998). Comparators "subjected to disciplinary action for different types of misconduct than" a plaintiff are generally insufficient to establish an inference of discrimination. *Wilcher*, 441 F. App'x at 882; *see also Wright v. Providence Care Ctr., LLC*, 822 F. App'x 85, 93 (3d Cir. 2020) (rejecting comparator whose "workplace infractions" were "qualitatively different from the disorderly conduct that got [plaintiff] fired").

Here, Plaintiff does not allege that Mr. DoLerenzo engaged in misconduct at all, let alone any similar to Plaintiff's. Defendant apparently terminated Plaintiff "for refusing to complete an assigned task, for questioning why [he] had been given specific tasks, and for not being a cooperative team player." (D.E. 28 ¶ 13.) Plaintiff does not claim that Mr. DoLerenzo did anything similar, so the fact that Mr. DoLerenzo was not terminated is of no moment. Merely existing outside of Plaintiff's protected classes without suffering the same adverse employment action is not enough to prove that Mr. DoLerenzo was similarly situated and treated more

favorably.  *See Simpson*, 142 F.3d at 646 ("A decision adversely affecting an older employee does not become a discriminatory decision merely because one younger employee is treated differently.")  Consequently, Plaintiff's claims regarding Mr. DoLerenzo do not establish an inference of discrimination.

In short, Plaintiff's amended complaint offers very little that was not already alleged in the initial complaint to support a claim of discrimination.  What he has added does not address the deficiencies that required dismissal of the initial complaint, so the amended complaint must be dismissed as to the discrimination claims.

**b.  <u>Retaliation</u>**

Plaintiff claims he was terminated in retaliation for reporting discrimination to his supervisor.  (D.E. 28 at 5.)  Before bringing a civil claim in court under Title VII, a Plaintiff must exhaust all appropriate administrative remedies with the Equal Employment Opportunity Commission ("EEOC").  *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001); *see also* 29 C.F.R. § 1614 (providing the administrative process for a Title VII claim).  This requires a complainant to obtain a "right-to-sue letter" before suing under the statute.  *See Burgh*, 251 F.3d at 470.  "If a plaintiff brings suit under Title VII … before receiving a 'right to sue letter,' the matter may be dismissed pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies."  *Horne v. A&M Med. Servs., LLC*, Civ. No. 17-3423, 2017 WL 2656021, at *2 n.1 (D.N.J. June 19, 2017); *see also* 29 C.F.R. § 1614; 42 U.S.C. § 2000e-5(f)(1).  "[T]he parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  *Ptasznik v. Univ. of Pa.*, 523 F. App'x 156, 160 (3d Cir. 2013).  As a result, a plaintiff may not raise claims for the first time in federal court that were not included in a charge of discrimination filed with the EEOC. *See, e.g.*, *Roman v. Waste Mgmt. of N.J.*, Civ. No. 10-4337, 2011 WL 1807642, at *6 (D.N.J. May 12, 2011).

By Plaintiff's own admission, his retaliation claims "lack exhaustion of administrative remedies."  (D.E. 28 at 5.)  His EEOC complaint is limited to a claim for discrimination based on color, race, national origin, religion, and age.  Therefore, Plaintiff has failed to exhaust his administrative remedies as to his claim for retaliation, and that claim will be dismissed.  *See, e.g.*, *Sessoms v. New Century Imaging*, Civ. No. 21-8492, 2021 WL 3207754, at *2 (D.N.J. July 29, 2021) (dismissing plaintiff's claim for discrimination based on race, color, religion, and age for failure to exhaust administrative remedies where those claims were not included in previously filed EEOC complaint).  Plaintiff's retaliation claim is weak in any event.  He offers little to no factual support for his assertion that he complained about discrimination.  Like his discrimination claims, the retaliation claim relies on buzzwords and conclusory allegations insufficient to withstand dismissal.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendant's Motion is **GRANTED**, and the amended complaint is **DISMISSED WITH PREJUDICE**.  An appropriate order follows.


<u>/s/ *Susan D. Wigenton*</u>
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:    Clerk
cc:      José R. Almonte, U.S.M.J.
         Parties